# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

AUBREY V. TAYLOR,

    Plaintiff,

v.

ERIC TUNG, *et al.*,

    Defendants.

CASE NO. C19-0234-TSZ-MAT

ORDER STRIKING MOTION TO DISMISS AND SECOND AMENDED COMPLAINT

This is a civil rights action proceeding under 42 U.S.C. § 1983. On February 19, 2019, plaintiff submitted to the Court for filing a civil rights complaint in which he alleged that City of Kent Police Officer Eric Tung used excessive force in effectuating his arrest in June 2016. (Dkt. 1-1.) Officer Tung was the only defendant named in that complaint. (*See id*. at 1-2.) On February 27, 2019, the Court issued an Order directing that plaintiff's complaint be served on Officer Tung. (Dkt. 6.) On March 18, 2019, plaintiff filed an amended complaint in which he alleged essentially the same claim as he had previously alleged against Officer Tung, but he identified the City of Kent and the Kent Police Department as additional defendants even though he did not set forth any claims against either of these entities in his amended complaint. (Dkt. 9.)

On March 29, 2019, counsel for Officer Tung, who had previously appeared in this action, filed a motion to dismiss on behalf of the City of Kent and the Kent Police Department even though

neither of these entities has been formally served with the amended complaint. (Dkt. 10.) Counsel argued therein that these entities must be dismissed because plaintiff's amended complaint contained no allegations of fact about either the City of Kent or its Police Department, and because the Kent Police Department is not a separate entity capable of being sued. (*See id*.) Plaintiff, in response to the motion to dismiss, filed yet another amended complaint in which he concedes that the City of Kent and the Kent Police Department should be dismissed from this action. (Dkt. 12.) Plaintiff also sets forth in his second amended complaint a claim against a proposed new defendant, F.B.I. Special Agent Sara Blond. (*Id.*) Most recently, Officer Tung filed an answer to plaintiff's second amended complaint. (Dkt. 14.)

Because neither the City of Kent nor the Kent Police Department has ever been served in this action, they are not deemed defendants and the pending motion to dismiss is therefore unnecessary. To the extent plaintiff may be seeking to amend his pleading, he has gone about it the wrong way. Under Fed. R. Civ. P. 15(a)(1), a party is permitted to amend its pleading once as a matter of course within specified time periods. Subsequent amendments require leave of court. *See* Fed. R. Civ. P. 15 (a)(2). Because plaintiff did not seek leave of court to file his second amended complaint, that pleading is not properly before the Court.

Even if the Court were to deem plaintiff's second amended complaint properly filed, there is an additional problem with the pleading which plaintiff may not have appreciated at the time he filed it. An amended pleading operates as a *complete* substitute for a prior pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Plaintiff does not re-allege in his second amended complaint the excessive force claims originally alleged against Officer Tung. In order to preserve those claims, they must be included in any

amended pleading.

Because it does not appear that plaintiff wishes to forego his claims against Officer Tung, the Court deems it appropriate to strike plaintiff's second amended complaint from the record without prejudice to plaintiff pursuing further amendment in an appropriate fashion. If plaintiff wishes to amend his complaint to add new defendants and/or new claims, the proper way to accomplish this is to submit to the Court for consideration a motion to amend his complaint together with a proposed amended complaint which clearly identifies each intended defendant, the constitutional claim(s) being asserted against each defendant, the specific facts which plaintiff believes support each claim, and the specific relief requested.

Based on the foregoing, this Court hereby ORDERS as follows:

(1) The motion to dismiss filed on behalf of the City of Kent and the Kent Police Department (Dkt. 10) is STRICKEN as unnecessary.

(2) Plaintiff's second amended complaint (Dkt. 12) is STRICKEN without prejudice to plaintiff seeking further amendment as described above. Officer Tung's answer to plaintiff's second amended complaint (Dkt. 14) is likewise STRICKEN. Officer Tung shall file an answer to plaintiff's first amended complaint (Dkt. 9) not later than *twenty (20) days* from the date on which this Order is entered.

DATED this 13th day of May, 2019.

Mary Alice Theiler
United States Magistrate Judge